Marc GREEN, individually and on behalf of all others similarly situated, Plaintiff,

v.

AMERICAN EXPRESS COMPANY, Defendant.

No. 00 Civ. 5681(HB).

United States District Court, S.D. New York.

April 19, 2001.

Stuart A. Blander, Alan A. Heller, Heller, Horowitz & Feit, P.C., New York City, for plaintiff.

Paul A. Engelmayer, Christopher R. Lipsett, Wilmer, Cutler & Pickering, New York City, for defendant.

## OPINION & ORDER

BAER, District Judge.

■ Defendant American Express moves this Court for an Order approving the Settlement Agreement and Release in this class action that plaintiffs brought for violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601. Specifically, defendant requests that this Court approve the settlement agreement without requiring notice to the class members. For the following reasons, I grant defendant's motion and approve the Settlement Agreement and Release.

## BACKGROUND

Plaintiff Marc Green, holder of an American Express Optima credit card, alleges in his complaint, brought on behalf of himself and all others similarly situated, that defendant failed to properly disclose on its monthly statements to cardholders that the periodic rate used to compute the finance charge is a variable rate (e.g. based on the Prime Rate), rather than a fixed rate. Plaintiff acknowledges that (a) his cardmember agreement clearly provided for a variable rate; (b) each periodic statement sets forth the proper annual percentage rate ("APR"); (c) each periodic statement explains that the APR may vary; and (d) each periodic statement explains that the daily percentage rate ("DPR") is 1/365th of the APR. Plaintiff alleges, however, that defendant's failure to disclose specifically that the APR *and* DPR may vary constitutes a violation of the Truth in Lending Act, and Regulation Z (the regulation issued by the Federal Reserve that implements TILA), 12 C.F.R. §§ 226.5–226.7. Plaintiff seeks injunctive relief, statutory damages (which are capped under TILA at $500,000 in class actions), actual damages, and attorneys' fees and costs.

After plaintiff filed his complaint on August 1, 2000, but before defendant answered, plaintiff and defendant engaged in a series of substantive, arms-length settlement discussions. At the parties' request, counsel for the parties attended a mediation before me on February 13, 2001. During the course of the mediation, which lasted several hours, the parties and I discussed at length the merits of the claims. At the conclusion of the mediation, the parties agreed in principle to the terms of a settlement agreement. Those terms have now been reduced to writing and submitted to the Court for approval.

In the proposed settlement agreement, the parties agreed to the conditional certification of a class consisting of all consumers who have or have had one or more open-end credit card account issued by American Express Centurion Bank on which the finance charge rate is variable. The proposed injunctive relief requires American Express to alter the language on its periodic statements and to include, for at least two years, a disclosure on the statements mailed to card holders stating that the daily periodic rate may vary. The defendant is to pay $2500 to the named plaintiff as an award for serving as class representative. Finally, the parties have agreed that the defendant shall pay reasonable attorneys' fees and costs in an amount to be awarded by the Court.

## DISCUSSION

After spending substantial time discussing the merits of the case in the course of the mediation, I find, pursuant to Rule 23(e), that the Settlement Agreement and Release are reasonable and fair to all of the plaintiffs. I write merely to explain my reasons for finding that, given the unique circumstances of this case, notice to the individual class members is not necessary.

F.R.C.P. Rule 23(e) reads, "A class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such a manner as the court directs." Under this Rule, courts generally require the parties in a class action to provide all class members with notice of settlement. The rationale behind this rule is to protect the class members from prejudice and to ensure that there is no collusion between the parties in forging a settlement. *See Doe v. Perales,* 782 F.Supp. 201, 206 (W.D.N.Y.1991); *see generally* Newberg on Class Actions § 11.66 (3d ed.1992).

However, some courts have adopted a functional interpretation of Rule 23(e) under which notice is not uniformly required. Specifically, these courts have recognized that when notice to class members would not serve the purpose of ensuring that the settlement is fair but would, in fact, jeopardize the settlement, that the court may opt to forego notice. *See In re Nazi Era Cases Against German Defendants Litig.,* 198 F.R.D. 429, 441 (D.N.J.2000) ("[A]n absolute notice requirement ... may cause notice to issue unnecessarily when the spirit of Rule 23 is not violated, often at the expense of other important individual and institutional policies ... Rather than insist on a narrow, strict interpretation of Rule 23(e), the more enlightened approach adopted by courts avoids judicial time expenditure and relieves the parties of the expense of notice when it is appropriate, without circumventing the policies of Rule 23(e).").

Courts have outlined several scenarios where notice may not be necessary. These include: (1) when the terms of the settlement provide near complete relief to the plaintiffs, (2) when the settlement provides for only injunctive relief, and, therefore, there is no potential for the named plaintiffs to benefit at the expense of the rest of the class, (3) when there is no evidence of any collusion between the parties, and (4) when the cost of notice would risk eviscerating the settlement agreement.[1] *See id.* at 442; *Doe,* 782

---

1. This approach is also supported by a leading treatise on class actions. Newberg on Class Actions § 11.72 states,

    [While some courts have held that 23(e) notice is mandatory in all circumstances,] [s]ome courts have adopted a more enlightened approach in applying Rule 23(e) which ... relieves the parties of the expense of notice when it is inappropriate. Each request dismissal or compromise is examined according to its own circumstances to determine whether it may violate the function of the rule. If neither loss

F.Supp. at 206–07 (W.D.N.Y.1991) ("There are, however, circumstances in which notice is unnecessary. In my view, this is one of those circumstances ... there is no monetary recovery at issue here; hence there is virtually no potential for the named plaintiffs to benefit from the settlement at the expense of the interests of the rest of the class ... Finally, there is no evidence whatsoever of any collusion between the plaintiffs named to represent the class and the defendants."); *Gelb v. AT & T*, 90 Civ. 7212 (S.D.N.Y. Jan. 4, 1994) ("in light of the injunctive nature of the claims certified and the additional affirmative disclosures that [the defendant] has already provided ... and the further affirmative disclosures that [defendant] has agreed to provide as a part of the Stipulation of Settlement, it appears to the Court that no notice of the Stipulation of Settlement was required.").

Here, many of these rationales are present. First, and most significantly, there is no evidence of collusion between the parties. As I presided over the mediation, I was privy to the arms-length negotiations and both parties' zealous advocacy for their respective client. Secondly, the settlement agreement provides only for injunctive relief and there is no possibility for the named plaintiff to benefit from this settlement at the expense of the other class members. Furthermore, as there are over one million class members, the $500,000 cap on TILA damages could, at best, provide each class member with less than postage, and the cost of notice, to say nothing of the postage, would jeopardize, and likely destroy, the hard fought settlement agreement that the parties have presented to this Court.

Therefore, I find notice to be unnecessary under Rule 23(e), and I approve the settlement agreement.

**SO ORDERED**

of benefit to the class nor evidence of collusive agreement is present, notice is unnecessary.

*See* Newberg on Class Actions § 11.72.